IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**WILBUR MORRIS VANNATTER,**

    **Plaintiff,**

v.     Civil Action No.: 3:21-CV-00125

**CSX TRANSPORTATION INC.,
ROY C. KAISER, AND,
JOHN DOE, LOCOMOTIVE
OPERATOR, AND,
JOHN DOES (1-10),**

    **Defendants.**

### DEFENDANT CSX TRANSPORTATION, INC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant CSX Transportation, Inc. ("CSXT" or "Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby provides its Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") [ECF No. 1 at *Exhibit A*].

### FIRST DEFENSE

The Complaint failed herein fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

### PARTIES

1.    Answering Paragraph 1 of the Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and, therefore, denies the same and therefore denies the same.

1

2. Answering Paragraph 2 of the Complaint, CSXT admits that it is a Virginia corporation with its principal place of business in Jacksonville, Florida. CSXT admits that it does business in, owns rail lines, and operates in the state of West Virginia and holds a certificate of authority to transact business in this State. CSXT admits that it maintains operations out of, among other places, Huntington, West Virginia with a physical address at 935 7th Ave., Huntington, West Virginia 25701. CSXT admits that it owns and operates rails, tracks, and loadouts at its office in Huntington, West Virginia and other places as well. CSXT admits it may be served with process through its registered agent in Charleston, West Virginia: CT Corporation System. CSXT denies that Roy C. Kaiser is currently employed by CSXT in any capacity and states that Mr. Kaiser has not been employed by CSXT for more than 10 years. CSXT denies the allegations that Kaiser was the responsible party for the train involved in the incident that is the subject of this litigation. CSXT is without knowledge or information sufficient to form a belief regarding Kaiser's current domicile and therefore denies the same. CSXT denies all other allegations contained therein.

3. Answering Paragraph 3 of the Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

4. Answering Paragraph 4 of the Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

5. Answering Paragraph 5 of the Complaint, CSXT denies the allegations contained therein.

**JURISDICTION AND VENUE**

6.  Answering Paragraph 6 of the Complaint, CSXT admits jurisdiction is proper in West Virginia. Defendant denies that it committed any tortious acts or is in any way liable to Plaintiff.

7.  Answering Paragraph 7 of the Complaint, CSXT does not challenge venue in Cabell County.

8.  Answering Paragraph 8 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of the applicable law to which no response is required. To the extent, however, that the allegations in Paragraph 8 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

9.  Answering Paragraph 9 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of the applicable law to which no response is required.

10. Answering Paragraph 10 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of the applicable law to which no response is required.

11. Answering Paragraph 11 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of the applicable law to which no response is required. To the extent, however, that the allegations in Paragraph 11 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

   A.  Answering subpart A of Paragraph 11, CSXT denies the allegations contained therein.

B. Answering subpart B of Paragraph 11, CSXT denies the allegations contained therein.

C. Answering subpart C of Paragraph 11, CSXT denies the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, CSXT states that no response is required as it relates specifically to Plaintiff's alleged basis for filing the Complaint. To the extent a response is required, CSXT denies all the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, CSXT readopts and reaffirms the answers of Paragraphs 1-12, incorporating them herein as if fully restated.

**FACT BACKGROUND AND ALLEGATIONS**

14. Answering Paragraph 14 of the Complaint, CSXT states that no response is required as it relates specifically to Plaintiff's alleged basis for filing the Complaint. To the extent a response is required, CSXT denies all the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and, therefore denies the same.

16. Answering Paragraph 16 of the Complaint, CSXT admits the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, CSXT states it is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and, therefore, denies the same.

18. Answering Paragraph 18 of the Complaint, CSXT admits the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, CSXT admits that there are no fences or barriers preventing access to the railroad tracks and further states that there is no duty to install fences or barriers at this location. CSXT is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations and therefore denies the same.

20. Answering Paragraph 20 of the Complaint, CSXT denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, CSXT denies the allegation contained therein.

22. Answering Paragraph 22 of the Complaint, CSXT denies the allegation contained therein.

23. Answering Paragraph 23 of the Complaint, CSXT admits that a train was travelling on its tracks on the evening of February 5, 2019 at the location in question and that Plaintiff was trespassing on the tracks. CSXT is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein and therefore denies the same.

24. Answering Paragraph 24 of the Complaint, CSXT denies the allegation contained therein.

25. Answering Paragraph 25 of the Complaint, CSXT admits Plaintiff was struck by a CSXT train while trespassing on CSXT's tracks. CSXT denies the remaining allegations contained therein.

26. Answering Paragraph 26 of the Complaint, CSXT admits the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, CSXT states that it is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein and therefore denies the same.

## COUNT I
## GENERAL LIABILITY

28. CSXT readopts and reaffirms the answers of Paragraphs 1-27, incorporating them herein as if fully restated.

29. Answering Paragraph 29 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 29 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

30. Answering Paragraph 30 of the Complaint, CSXT denies the allegations contained therein.

## COUNT II
## NEGLIGENCE AND NEGLIGENCE PER SE
## REGARDING CSX's TRAIN OPERATIONS

31. CSXT readopts and reaffirms the answers of Paragraphs 1-30 incorporating them herein as if fully restated.

32. Answering Paragraph 32 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 32 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

33. Answering Paragraph 33 of the Complaint, CSXT denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 34 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, CSXT states that its Rules speak for themselves. Defendant denies that Plaintiff has accurately set forth the content of CSXT's Rules.

36. Answering Paragraph 36 of the Complaint, including all subparts, CSXT denies the allegation contained therein.

37. Answering Paragraph 37 of the Complaint, CSXT denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, CSXT states that no response is required as it relates specifically to Plaintiff's alleged basis for his claims. To the extent a response is required, CSXT denies all the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, CSXT denies the allegations contained therein and demands strict proof thereof.

<u>**COUNT III**</u>
**NEGLIGENCE AND NEGLIGENCE PER SE REGARDING CSX's PREMISES LIABILITY AND DANGEROUS CONDITION OF PROPERTY**

40. CSXT readopts and reaffirms the answers of Paragraphs 1-39 incorporating them herein as if fully restated.

41. Answering Paragraph 41 of the Complaint, CSXT admits the allegations contained therein to the extent it pertains to its train crews. CSXT denies the remaining allegations in Paragraph 41.

42. Answering Paragraph 42 of the Complaint, CSXT denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, including all subparts, CSXT denies the allegation contained therein.

44. Answering Paragraph 44 of the Complaint, CSXT denies the allegation contained therein.

45. Answering Paragraph 45 of the Complaint, CSXT admits that it is the owner of the railroad tracks and the right-of-way where the accident at issue occurred. CSXT denies the remainder of the allegations set forth therein.

46. Answering Paragraph 46 of the Complaint, CSXT denies the allegation contained therein.

47. Answering Paragraph 47 of the Complaint, CSXT denies the allegations contained therein and demands strict proof thereof.

## MISLABELED COUNT V
## FAILURE TO WORK WITH LOCAL COMMUNITY

48. CSXT readopts and reaffirms the answers of Paragraphs 1-47 incorporating them herein as if fully restated.

49. Answering Paragraph 49 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 49 imply any wrongdoing or liability on the part of CSXT, this

Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

50. Answering Paragraph 50 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 50 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

51. Answering Paragraph 51 of the Complaint, CSXT denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of applicable law and do not require a response. To the extent, however, that the allegations in Paragraph 52 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

53. Answering Paragraph 53 of the Complaint, CSXT denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, CSXT denies the allegation contained therein.

**MISLABELED COUNT VI**
**GROSS NEGLIGENCE AND TOTAL DISREGARD FOR PUBLIC SAFETY**

55. CSXT readopts and reaffirms the answers of Paragraphs 1-54 incorporating them herein as if fully restated.

56. Answering Paragraph 56 of the Complaint, CSXT denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, CSXT denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, CSXT denies the allegation contained therein.

59. Answering Paragraph 59 of the Complaint, CSXT denies the allegations contained therein.

**MISLABELED COUNT VII**
**NEGLIGENCE THEORY**
**Negligent Hiring and Retention**
**(Roy C. Kaiser, John Doe, locomotive operator, and John Does (1-10))**

60. CSXT readopts and reaffirms the answers of Paragraphs 1-59 incorporating them herein as if fully restated.

61. Answering Paragraph 61 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of applicable law and do not require a response. To the extent, however, that the allegations in Paragraph 61 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

62. Answering Paragraph 62 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of applicable law and do not require a response. To the extent, however, that the allegations in Paragraph 62 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

63. Answering Paragraph 63 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's statement of applicable law and do not require a response. To the extent, however, that the allegations in Paragraph 63 imply any wrongdoing or liability on the part of

CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

64. Answering Paragraph 64 of the Complaint, CSXT denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, CSXT denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, CSXT denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, CSXT denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, CSXT denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 69 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

## MISLABELED COUNT VIII
### SPOLIATION OF EVIDENCE/NEGLIGENT MAINTENANCE OF VIDEO

70. CSXT readopts and reaffirms the answers of Paragraphs 1-69 incorporating them herein as if fully restated.

71. Answering Paragraph 71 of the Complaint, CSXT denies the allegation contained therein.

72. Answering Paragraph 72 of the Complaint, CSXT admits that it received the letter referenced. CSXT denies the remainder of the allegation contained therein.

73. Answering Paragraph 73 of the Complaint, CSXT admits that it allowed Plaintiff's counsel to review the video. Defendant further admits that the recording equipment apparently malfunctioned and failed to record a portion of the accident at issue. CSXT denies the remaining allegation contained therein.

74. Answering Paragraph 74 of the Complaint, CSXT states that the allegations appear to represent Plaintiff's legal conclusions and do not require a response. To the extent, however, that the allegations in Paragraph 74 imply any wrongdoing or liability on the part of CSXT, this Defendant denies the allegations contained therein. CSXT further denies that this paragraph accurately sets forth the applicable law or duty.

75. Answering Paragraph 75 of the Complaint, CSXT denies the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, CSXT denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, CSXT denies the allegations contained therein.

**DAMAGES**

78. Answering Paragraph 78 of the Complaint, CSXT denies the allegations contained therein and further denies that Plaintiff is entitled to the relief requested therein.

79. Defendant denies that Plaintiff is entitled to judgment or any sum.

### THIRD DEFENSE

CSXT denies each and every paragraph, averment, item and matter set forth in the Complaint which has not been specifically admitted.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are or may be barred, extinguished, or the relief they seek limited because the damages or injuries alleged are the result of pre-existing, intervening or superseding causes, or other acts beyond CSXT's control.

### FIFTH DEFENSE

CSXT states that the injuries, damages, or losses of which Plaintiff complains were not in any manner caused or contributed to by any wrongful act or omission of CSXT.

### SIXTH DEFENSE

CSXT states that Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative fault.

### SEVENTH DEFENSE

CSXT states that the negligence of Plaintiff was the sole proximate cause of his injuries, and, accordingly Plaintiff is barred from any recovery herein. Alternatively, the negligence of Plaintiff, if not the sole proximate cause of the damages claimed, was a concurrent cause that proximately contributed to the damages, and CSXT requests that the Court compare and assess the proportionate percentage of negligence attributable to the Plaintiff.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by the equitable doctrines of estoppel, waiver, and/or related equitable doctrines.

**NINTH DEFENSE**

Some or all of the Plaintiff's claims are or may be barred or the relief he seeks limited to the extent damages or injuries alleged are caused by the negligence, fault, or want of care of Plaintiff and/or third parties beyond CSXT's control.  Although CSXT is presently unable to specifically identify such non-parties, to the extent it does so through discovery and other investigation, CSXT will move to amend its Answer accordingly.

**TENTH DEFENSE**

To the extent Plaintiff's Complaint asserts that Plaintiff is entitled to recover punitive or exemplary damages, CSXT asserts the following defenses:

    a.    Plaintiff's claims for punitive damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

        i.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

        ii.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

iii. The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

iv. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

v. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

vi. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amended of the United States Constitution;

vii. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

viii. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

      ix.      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

    b.    Plaintiff's claims for punitive damages violate and are therefore barred by the provision of the Constitution of the State of West Virginia, including, but not limited to, Article III, Sections 4, 5, 6 and 10, on grounds including the following:

      i.      it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

      ii.      the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

      iii.      the procedures to which punitive damages are awarded fail to provide a limit on the amount of the award against defendant;

      iv.      the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

      v.      the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

      vi.      the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

      vii.      the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

      viii.      the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

      ix.      the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## ELEVENTH DEFENSE

CSXT states that Plaintiff assumed the risk of injury set forth in the Complaint and that this assumption of risk, if not the sole cause of the injuries to the Plaintiff, was greater than or equal to the aggregate fault of CSXT, and, accordingly, Plaintiff cannot recover against CSXT in this action.

## TWELFTH DEFENSE

Plaintiff's claims, in whole or in part, may be preempted by federal law.

## THIRTEENTH DEFENSE

CSXT states that the damages of which Plaintiff complains may have been exacerbated by failure to mitigate damages.

## FOURTEENTH DEFENSE

CSXT asserts that since the Plaintiff was trespassing on CSXT property at the time of the accident, the only duty it owed to the Plaintiff was to not willfully or wantonly injure him and since there is no evidence of such willful or wanton misconduct, Plaintiff's claims cannot survive.

## FIFTEENTH DEFENSE

CSXT denies that their actions were outrageous or in any way actionable under West Virginia law.

### SIXTEENTH DEFENSE

CSXT states that Plaintiff's Complaint fails to allege facts which state a plausible claim for punitive damages under West Virginia Code § 55-7-29.

### SEVENTEENTH DEFENSE

CSXT requests that, if the issue of punitive damages is tried before a jury in this civil action, the Court conduct a bifurcated trial in accordance with West Virginia Code § 55-7-29(b).

### EIGHTEENTH DEFENSE

CSXT pleads the affirmative defense of insufficiency of process pursuant to Federal Rule of Civil Procedure 12(b)(4).

### NINETEENTH DEFENSE

CSXT pleads the affirmative defense of insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

### TWENTIETH DEFENSE

Some or all of Plaintiff's claims are or may be barred by West Virginia Code § 55-7-28 because the danger Plaintiff complains of was open and obvious in nature.

### TWENTY-FIRST DEFENSE

Plaintiff's spoliation of evidence claim is not permitted under West Virginia law under these circumstances because the recording malfunctioned and the footage never existed to allow it to be maintained.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are or may be barred by West Virginia Code § 55-7-13A because Plaintiff's own negligence was the sole cause of his injuries.

## **TWENTY-THIRD DEFENSE**

CSXT reserves the right to amend its answer and assert any and all additional affirmative defenses it deems necessary to its defense, during, or upon the conclusion of, investigation and discovery

## **JURY TRIAL DEMANDED**

CSXT demands a jury trial on all issues so triable.

                **CSX TRANSPORTATION, INC.**

                */s/Robert L. Massie*
                Robert L. Massie (WV Bar No. 5743)
                **NELSON MULLINS RILEY &**
                **SCARBOROUGH LLP**
                949 Third Ave., Suite 200
                Huntington, WV 25701
                Phone:  (304) 526-3501
                Fax:  (304) 526-3541
                Email:  bob.massie@nelsonmullins.com
                ***Counsel for CSX Transportation, Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**WILBUR MORRIS VANNATTER,**

    **Plaintiff,**

v.                                      Civil Action No.: 3:21-cv-00125

**CSX TRANSPORTATION INC.,
ROY C. KAISER, AND,
JOHN DOE, LOCOMOTIVE
OPERATOR, AND,
JOHN DOES (1-10),**

    **Defendants.**

## CERTIFICATE OF SERVICE

This undersigned attorney hereby certifies that a copy of the foregoing ***"Defendant CSX Transportation, Inc.'s Answer to Plaintiff's Complaint"*** has been served upon the following individuals via the Court's CM/ECF filing system, this 22nd day of February, 2021:

D. Adrian Hoosier, Esquire (WVSB# 10013)
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, West Virginia 25301
T: (681) 215-0642
F: (681) 245-6192


                                                /s/ Robert L. Massie