IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILBUR MORRIS VANNATTER,

          Plaintiff,

v.                                   CIVIL ACTION NO.   3:21-0125

CSX TRANSPORTATION, INC.,
ROY C. KAISER,
JOHN DOE, Locomotive Operator,
JOHN DOES, (1-10),

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant CSX Transportation Inc.'s Motion for Partial Judgment on the Pleadings. ECF No. 6. The Motion relates to Count Eight, Plaintiff's claims regarding spoliation of evidence and negligent maintenance of video. *See Pl.s' Compl.*, ECF No. 1-1 ¶¶ 70–77. Defendant asserts that West Virginia law does not recognize negligent spoliation of evidence as a stand-alone tort, and further, that the pleadings establish that video evidence was neither destroyed not spoiled, because such video evidence never existed. Defendant also asserts that it had no duty to even create such a video recording. Plaintiff concedes that he has no claim for negligent spoliation against Defendant but argues that he has alleged a plausible claim for intentional spoliation. For the following reasons, this Motion is **DENIED**. ECF No. 6.

**BACKGROUND**

The facts of this case are those contained in Plaintiff's Complaint. This case arises from an accident that occurred on February 5, 2019, on Defendant's railroad tracks in between the crossings on McConnell Road in McConnell, West Virginia. Plaintiff's home abuts Defendant's

right-of-way and is under fifty feet away from the tracks. On the night of the incident, Plaintiff explains that he and his dog were on his deck when his dog got off leash and headed toward Defendant's tracks. The tracks are not fenced off by any barriers. In pursuit of his dog, Plaintiff tripped and hit his head on or near the tracks. This fall either rendered Plaintiff unconscious or altered his consciousness. Shortly thereafter, Defendant's train traveled on the tracks heading in the direction of Plaintiff, who was laying near the tracks. The train was traveling at around 11-13 miles-per-hour when it came within range to see Plaintiff, but ultimately, the train did not timely break. The train struck Plaintiff and dragged him along the tracks. Plaintiff survived this incident, but both of his legs had to be amputated above the knee.

Plaintiff filed this action which was removed to federal court by Defendant on February 2, 2021. Count Eight of Plaintiff's Complaint alleges that the video recording taken by the recorder on Defendant's train showed footage leading up to the collision and after the collision occurred, but that the recording did not show the collision itself.

## LEGAL STANDARD

In analyzing a party's motion for judgment on the pleadings under Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss under Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). These motions test only the sufficiency of the complaint and do not resolve the merits of the claims or any disputes of fact. *Drager v. PLIVA USA. Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). To overcome a motion for judgment on the pleadings, a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . . " *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

## DISCUSSION

Defendant first argues that Plaintiff's claim is for negligent spoliation of evidence, which can only be raised against a third-party, not a party to the litigation. Plaintiff, in his response, readily concedes this point and offers to serve an amended complaint voluntarily removing references to and claims for negligent spoliation. This offer was refused by Defendant. Nevertheless, Plaintiff asserts that he has alleged sufficient facts to plausibly state a claim for intentional spoliation and opposes a motion to dismiss this claim.

Unlike negligent spoliation of evidence, intentional spoliation of evidence can be brought as a stand-alone tort against a party to a civil action. Sly. pt. 3, *Hannah v. Heeter*, 584 S.E.2d 560

(W. Va. 2003). "Intentional spoliation of evidence is defined as the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action." *Williams v. Werner Enters., Inc.*, 770 S.E.2d 532, 538 (W. Va. 2015) (citing Sly. pt. 10, *Hannah*, 584 S.E.2d 560). There is a seven-factor test governing claims for intentional spoliation. Those factors are:

1. A pending or potential civil action;
2. Knowledge of the spoliator of the pending or potential civil action;
3. Willful destruction of evidence;
4. The spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action;
5. The intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action;
6. The party's inability to prevail in the civil action; and
7. Damages.

*Hannah*, 584 S.E.2d at 564.

Defendant asserts that Plaintiff's Complaint does not sufficiently allege a claim for intentional spoliation. However, although the Complaint pointedly addresses the elements of negligent spoliation, the Court finds that Plaintiffs have plead sufficient facts to allow the Court to infer Defendant's liability on the claim for intentional spoliation.

Defendant does not deny the fact that the video recording captured moments prior to and after the collision yet failed to capture the collision itself. Plaintiff's Complaint alleges that:

- Defendant had knowledge of the potential civil action immediately after the incident;
- The video was working just before and just after the collision;
- Defendant had exclusive control of the video recording devise;
- Defendant allowed the evidence to become unusable or edited the video;
- Both Plaintiff and his counsel are unable to view the incident in whole;
- Plaintiff cannot have the incident examined by an expert or present the video in his case in chief.

These allegations allow the Court to find plausibility for the claim for intentional spoliation. In the interest of judicial economy, rather than requiring Plaintiff to edit and file an Amended Complaint,

the Court will allow this claim to proceed to the discovery stage.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. ECF No. 6.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 17, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE