IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILBUR MORRIS VANNATTER,

          Plaintiff,

v.                                  CIVIL ACTION NO.   3:21-0125

CSX TRANSPORTATION, INC.,
ROY C. KAISER,
JOHN DOE, Locomotive Operator,
JOHN DOES, (1-10),

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CSX Transportation Inc.'s Motion for Partial Judgment on the Pleadings. ECF No. 41. This Motion relates to Counts Three, Five, and Six of Plaintiff's Complaint. Defendant argues that West Virginia does not impose a general duty on a railroad to install fences or barriers along its rights-of-way or to engage in efforts to prevent trespassers, and further, that there is no duty for Defendant to "work with the local community" to prevent trespassing. For the following reasons, the Court **DENIES, in part, and GRANTS, in part**, this Motion. ECF No. 41.

### BACKGROUND

The facts of this case are those contained in Plaintiff's Complaint. This case arises from an accident that occurred on February 5, 2019, on Defendant's railroad tracks in between the crossings on McConnell Road in McConnell, West Virginia. Plaintiff's home abuts Defendant's right-of-way and is under fifty feet away from the tracks. On the night of the incident, Plaintiff and his dog were on Plaintiff's deck when his dog got off leash and headed toward Defendant's tracks.

The tracks are not fenced off by any barriers. In pursuit of his dog, Plaintiff tripped and hit his head on or near the tracks. This fall either rendered Plaintiff unconscious or altered his consciousness. Shortly thereafter, Defendant's train traveled on the tracks heading in the direction of Plaintiff, who was laying near the tracks. The train was traveling at round 11-13 miles-per-hour when it came within range to see Plaintiff, but ultimately, the train did not timely break. The train struck Plaintiff and dragged him along the tracks. Plaintiff survived this incident, but both of his legs had to be amputated above the knee.

Plaintiff filed this action which was removed to federal court by Defendant on February 2, 2021. Count Three of the Complaint contains a claim for negligence and negligence per se regarding Defendant's premises liability and dangerous condition of property. Count Five contains a claim that Defendant had a duty to—and failed to—work with the local community. Count Six contains a claim for gross negligence and total disregard for public safety.

## LEGAL STANDARD

In analyzing a party's motion for judgment on the pleadings under Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss under Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). These motions test only the sufficiency of the complaint and does not resolve the merits of the claims or any disputes of fact. *Drager v. PLIVA USA. Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). To overcome a motion for judgment on the pleadings, a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint

must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . . " *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

## DISCUSSION

The Court will turn to each Count that Defendant seeks to dismiss.

1. Count Three

Count Three contains claims for negligence and negligence per se regarding Defendant's premises liability and dangerous condition of property, alleging that Defendant:

- failed to restrict access to its right-of-way in a reasonably safe manner by erecting and maintaining an adequate barrier or fence;
- failed to keep the property in safe condition;
- failed to comply with safety regulations, railroad rules, and industry standards for pedestrian safety;
- failed to properly identify, document, report, or repair hazardous condition on its right-of-way where this incident occurred;
- failed to slow order this section of track for the unsafe conditions along the track and right-of-way until the unsafe conditions were remediated;
- failed to properly inspect the rail track and right-of-way pursuant to federal regulations,

    and;
- failed to recognize a local safety hazard, instruct train crews and other employees how to identify local safety hazards, take reasonable steps to reduce essentially local safety hazards, and to warn of their existence.

*Pl.'s Compl.* ¶ 43. Plaintiff further asserts that Defendant has a duty to exercise ordinary and reasonable care to avoid needlessly endangering members of the public. *Id.* ¶ 45. These allegations clearly allege more than the failure to erect barriers or fencing, which constitutes the bulk of Defendant's argument on this Count. Defendant's argument that Count Three should be dismissed relies only on Defendant's proposition that it was under no legal duty to erect any fences or barriers near the incident site to prevent trespassers from entering the tracks.

    In order to prevail under a theory of negligence, there must exist a duty of care owed by Defendant to Plaintiff. *See C.C. v. Harrison Cnty. Board of Educ.*, 859 S.E.2d 762, 771 (W. Va. 2021) ("In a negligence suit…[t]he plaintiff must prove that the defendant owed the plaintiff some duty of care." (citing *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, 341 (2013), *superseded by statute on other grounds*)). When a person, who is not employed by the railway company, uses railroad tracks as a walkway not at a public crossing, the "railway company owes to him no higher duty than it owes to a trespasser." *Craighead v. Norfolk & W. Ry. Co.*, 475 S.E.2d 363, 369 (W. Va. 1996). Generally, property owners do not owe trespassers a duty of ordinary care—property owners need only refrain from willful or wanton injury with respect to trespassers. Syl. Pt. 2, *Huffman v. Appalachian Power Co.*, 415 S.E.2d 145 (W. Va. 1991). However, the Supreme Court of West Virginia has held that "[a] railroad must exercise ordinary care, commensurate with the risk of injury, in operating its trains at a place where persons may be expected to be on the track." *Craighead*, 475 S.E.2d at 370 (quoting *Payne v. Virginian Ry. Co.*, 51 S.E.2d 514, 520 (W. Va. 1948)). The Court explains that,

> [f]or a trespasser to establish liability against the possessor of property who has created or maintains a highly dangerous condition

> or instrumentality upon the property, the following conditions must be met: (1) the possessor must know, or from facts within his knowledge should know, that trespassers constantly intrude in the area where the dangerous condition is located; (2) the possessor must be aware that the condition is likely to cause serious bodily injury or death to such trespasser; (3) the condition must be such that the possessor has reason to believe trespassers will not discover it; and (4), in that event, the possessor must have failed to exercise reasonable care to adequately warn the trespassers of the condition.

*Id.* at 368.

Plaintiff alleges that there are "well-beaten paths and trails running alongside [Defendant's] tracks, both on and abutting [Defendant's] right-of-way." *Pl.'s Compl.* ¶ 20. Importantly, he alleges that Defendant was aware of these paths and of the frequent use of the paths by pedestrians. *Id.* ¶ 21. Assuming these and the other facts alleged by Plaintiff to be true, the Court finds that Plaintiff has sufficiently alleged facts to state a plausible claim for negligence regarding Defendant's premises liability. At this stage, this Count survives.

2. Count Five

Count Five of the Complaint alleges that Defendant had a duty to cooperate "with the local community to educate and inform the local community of the present and future dangers that [Defendant's] train operations and railroad tracks create, and the measures that can be taken to reduce or eliminate such dangers." *Pl.'s Compl.* ¶ 50. Whether a plaintiff is owed a duty by a defendant is a question of law. Syl. Pt. 5, *Aikens v. Debow*, 541 S.E.2d 576 (W. Va. 2000). Plaintiff cannot point to any legal authority creating such a duty. Nor has Plaintiff alleged sufficient facts to demonstrate that Defendant has taken actions that constitute the voluntarily assumption a duty to work with the local community. This claim must fail.

3. Count Six

Count Six of the Complaint alleges gross negligence and total disregard for public safety. Plaintiff asserts that Defendant has chosen to disregard its duties, failed to enforce policies,

procedures, and laws providing for the safe operation of trains, and has deliberately done so because it is cheaper to pay compensatory damages than to reduce the risk of accidents with pedestrians. Defendant asserts that it was under no legal duty to install fencing or barriers and therefore Plaintiff's negligence claim in Count Six should be dismissed. However, as previously noted in the discussion for Count Three, assuming all facts alleged to be true, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for negligence. This Count survives.

## CONCLUSION

To the extent that Defendant's Motion seeks to dismiss Counts Three and Six, the Motion is **DENIED**. ECF No. 41. To the extent that it seeks to Dismiss Count Five, it is **GRANTED**. ECF No. 41.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 21, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE